**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Thomas Raymond Sullivan, | ) | No. CV-04-1517-PHX-DGC (GEE) |
| Petitioner, | ) | **ORDER** |
| v. | ) | |
| Dora B. Schriro; et al., | ) | |
| Respondents. | ) | |

Petitioner Sullivan filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he received ineffective assistance of counsel during his state court trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution. Doc. #1 at 4-5, 13-14, 21-32. The petition was referred to United States Magistrate Judge Glenda Edmonds for report and recommendation ("R&R"). Doc. #2. Judge Edmonds recommended that the Court deny the petition because Petitioner failed to show prejudice and because the state court's adjudication of Petitioner's claims was not unreasonable or contrary to clearly established federal law. Doc. #28 at 10-20 (citing *Strickland v. Washington*, 466 U.S. 668 (1984); 28 U.S.C. § 2254(d)).

When no party objected to the R&R within ten days, the Court entered an order accepting it. Doc. #29. Petitioner filed a motion for reconsideration, asserting that he had never received a copy of the R&R and therefore had no opportunity to object. Doc. #31. The Court granted the motion for reconsideration and established a schedule for briefing. Doc. #32. Petitioner filed objections to the R&R (Doc. #33) and Respondents filed a

1  response (Doc. #35).  Respondents argue that Petitioner's objections do not comply with
2  Federal Rule of Civil Procedure 72(b) because Petitioner merely reformatted his original
3  petition as an objection and failed to specify how the Magistrate Judge erred in the R&R.
4  Doc. #35.

5  Rule 72(b) provides that "a party may serve and file *specific written objections* to the
6  proposed findings and recommendations" of the magistrate judge.  Fed. R. Civ. P. 72(b)
7  (emphasis added).  The rule further provides that the district judge "shall make a de novo
8  determination . . . of any portion of the magistrate judge's disposition to which *specific*
9  *written objection* has been made[.]"  *Id.* (emphasis added).  The rule requires specificity for
10 good reason.

11 Congress created the position of magistrate judges to assist district courts in
12 discharging the heavy workload of the federal judiciary.  *Thomas v. Arn*, 474 U.S. 140, 152
13 (1985) ("The Act grew out of Congress' desire to give district judges 'additional assistance'
14 in dealing with a caseload that was increasing far more rapidly that the number of
15 judgeships." (citation omitted)).  Congress expressly authorized district courts to refer
16 matters to magistrate judges for hearing, report and recommendation, with district courts
17 conducting de novo review only of  "those portions of the [magistrate's] report . . . to which
18 objection is made." 28 U.S.C. §636(b)(1).  An obvious purpose of this authorized delegation
19 was judicial economy – to permit magistrate judges to hear and resolve matters not
20 objectionable to the parties.  *Thomas*, 474 U.S. at 147-152.  This efficiency would be lost if
21 parties were permitted to invoke the de novo review of the district court merely by
22 interposing general, non-specific objections to the magistrate's R&R.  District judges faced
23 with such objections would be forced to conduct de novo review of the entire R&R,
24 duplicating the work of the magistrate judge.  Anything less than complete de novo review
25 could be accomplished only if district courts guessed at which issues are important to the
26 parties. Because complete de novo review defeats the efficiencies intended by Congress and
27 guessing at issues is clearly undesirable, circuit courts rightly hold that general objections to
28 an R&R are tantamount to no objection at all.  *See Goney v. Clark*, 749 F.2d 5, 7 (3rd Cir.

- 2 -

1 1984) (stating that word-for-word review of magistrate's report due to general objections
2 would undermine judicial efficiency); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir.
3 1988) ("Just as a complaint stating only 'I complain' states no claim, an objection stating only
4 'I object' preserves no issue for review."); *Howard v. Secretary of Health and Human
5 Services*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the
6 magistrate's report has the same effect as would a failure to object.  The district court's
7 attention is not focused on any specific issues for review, thereby making the initial reference
8 to the magistrate useless.");*United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060
9 (10th Cir. 1996) (adopting the rule of *Goney*, *Lockert*, and *Howard*).

10 Petitioner in this case has made only a general objection.  Petitioner "objects to [the
11 magistrate's ] legal conclusions and the factual findings upon which they are based," but he
12 never specifies why the R&R is in error.  Doc #33 at 2.  In fact, Petitioner's objection is a
13 verbatim copy of his original petition.  No arguments have been added, none deleted.  With
14 the exception of titles, headings, and a few inconsequential passages, no words have been
15 changed.

16 Magistrate Judge Edmonds has already addressed the issues raised in the petition.  Re-
17 formatting the petition as an objection provides this Court with no guidance as to what
18 portions of the R&R Petitioner considers to be incorrect.

19 The Court will follow the cases cited above and deem Petitioner's objections
20 ineffective.  This ruling comports with the clear language of Rule 72(b) that a district judge
21 "shall make a de novo determination . . . of any portion of the magistrate judge's disposition
22 to which *specific written objection* has been made[.]" *Id.* (emphasis added).  There is no such
23 portion of the R&R in this case; Petitioner has made no specific written objection.  Because
24 Petitioner has made no effective objection, the Court is relieved of any obligation to review
25 the R&R.  *See Thomas*, 474 U.S. at 149 (Section 636(b)(1) "does not . . . require any review
26 at all . . . of any issue that is not the subject of an objection."); *United States v. Reyna-Tapia*,
27 328 F.3d 1114, 1121 (9th Cir. 2003) (same).

28 The Court will accept the R&R and deny the Petition.  *See* 28 U.S.C. § 636(b)(1)

(stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b) (same).

**IT IS ORDERED:**

1. Magistrate Judge Glenda Edmonds' R&R (Doc. #28) is **accepted**.
2. Petitioner's petition for writ of habeas corpus (Doc. #1) is **denied**.
3. The Clerk of shall **terminate** this action.

DATED this 30th day of May, 2006.

*Daniel G. Campbell*
David G. Campbell
United States District Judge